UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

PRISON LEGAL NEWS,

    Plaintiff,

v.                                       Case No. 4:12-cv-239 MW/CAS

THE GEO GROUP, INC., et al.

    Defendants.

_____/

## PLAINTIFF'S MOTION TO BE RELIEVED FROM MEDIATION

Plaintiff, Prison Legal News, by and through undersigned counsel, moves for good cause shown to be relieved from the requirement that this matter be mediated, and in support states:

1. PLN brings this action pursuant to 42 U.S.C. § 1983, to enjoin Defendants, the Geo Group, Inc., Corrections Corporation of America, and Michael Crews, in his official capacity as Secretary of the Florida Department of Corrections ("FDOC"), from barring, in violation of the First and Fourteenth Amendments to the U.S. Constitution, the receipt by inmate subscribers of the journal *Prison Legal News*, and to require Defendants to provide PLN with constitutionally required notice as well as an opportunity to be heard and/or protest the decision each time PLN's publications are censored by Defendants. Plaintiff also seeks a declaratory judgment that Rule § 33-501.401(3), F.A.C., is unconstitutional as applied by the Defendants to Plaintiff, because it is used as a pretext by the Defendants to justify the prohibition on sending literature to inmates, which has adversely affected Plaintiff's services to Florida's inmates.

{07065585;2}

2.     As this Court noted at the recent hearing on Plaintiff's Motion to Compel, this is not the first time that PLN has been forced to sue the Florida Department of Corrections for the exact same unconstitutional censorship of its publication.  Or as the Court aptly noted, "this is like [the movie] ground hog day."  In approximately February 2003, the FDOC began censoring Plaintiff's magazine, *Prison Legal News*, on the basis of its advertising content.  Faced with the inability to reach its subscribers, Plaintiff was forced to file suit in January of 2004 to redress the deprivation of its First Amendment rights.  In response to Plaintiff's lawsuit, the FDOC almost immediately amended its policies and procedures to prevent the rejection of publications on the basis of incidental advertisements for prohibited services, thereby allowing inmates to receive *Prison Legal News*.  During the lawsuit that ensued, the FDOC – through the Defendant Secretary – amended Rule § 33-501.401, F.A.C., **three** separate times to allow *Prison Legal News*, and Plaintiff's other publications, to be sent into FDOC institutions.  *See Prison Legal News v. McDonough*, 200 Fed. App'x 873, 875-76 (11th Cir. 2006).  Finally, the FDOC declared that Plaintiff's publication—with incidental advertisements for prohibited services—was not a security threat, and settled on allowing Plaintiff's publication into its facilities.  As a result, the District Court and later the Eleventh Circuit declared the censorship issue to be moot, and never reached the merits of that issue, the Eleventh Circuit stating, "[w]e have no expectation that FDOC will resume the practice of impounding publications based on incidental advertisements."  *Id.* at 878.  This was obviously wrong.

3.     Despite its promises to the District Court and the Eleventh Circuit, and no increase in incidental advertisements, in 2009 the FDOC again resumed its censorship of *Prison Legal News* based on incidental advertisements.  Thus, Plaintiff was forced to file the instant lawsuit.

4. As a result of the FDOC's numerous flip-flops on the censorship of *Prison Legal News* and promises to the Eleventh Circuit it would not again censor PLN based on ad content, the FDOC is back at it once again. The only possible resolution of this persistent flip-flopping is either a Consent Decree or injunction. Nothing short of a Consent Decree would settle this matter at mediation. While the private Defendants GEO and CCA may argue it could settle Plaintiff's damages claims at a mediation, all Defendants would nonetheless continue to censor the publication. For the FDOC has made it very clear it will not under any set of circumstances enter into a Consent Decree agreeing to not reinstitute censorship of PLN based on ad content. Accordingly, attempting to settle this case at mediation is absolutely fruitless.

5. With all due respect, it would be a complete waste of Plaintiff's limited financial resources to be forced to engage in a mediation which will last less than an hour. Plaintiff would have to share in the expenses of a mediator, and have out of town counsel and a corporate representative fly into Tallahassee. It would conservatively cost the Plaintiff about $3,000.00, to attend in travel costs and mediator fees, not including lost lawyer time, to participate in a mediation whose results are already known.

6. Accordingly, Plaintiff requests that the parties be relieved from the burden and expense of a fruitless mediation, and request that an order vacating this requirement be entered.

7. **Certificate of Counsel**. Pursuant to N.D. Fla. Loc. R. 7.1(B), counsel for Prison Legal News has conferred with counsel for each of the Defendants, and all Defendants have refused to agree to the relief sought herein.

WHEREFORE, Plaintiff respectfully requests the Court to enter an Order that the parties are relieved from the requirement of mediation.

Respectfully Submitted**,**

**Randall C. Berg, Jr.**
Fla. Bar No. 318371
RBerg@FloridaJusticeInstitute.org
**Dante P. Trevisani**
Fla. Bar No. 72912
DTrevisani@FloridaJusticeInstitute.org
Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, FL 33131-2309
T. 305.358.2081
F. 305.358.0910

**Lance Weber**
Human Rights Defense Center
P.O. Box 2420
Brattleboro, VT 05303
T. 802.579.1309
F. 866.228.1681
lweber@humanrightsdefensecenter.org

**Randall C. Marshall, Esq.**
Fla. Bar No. 181765
ACLU Found. of Fla.
4500 Biscayne Blvd., Ste. 340
Miami, FL 33137
T. 786.363.2700
F. 786.363.1108
RMarshall@aclufl.org

　　　　　　　　　　　　　　　　*s/ Randall C. Berg, Jr.*
　　　　　　　　　　　　　　　　　Randall C. Berg, Jr., Esq.

　　　　　　　　　　　　　　　　Counsel for Prison Legal News

### Certificate of Service

　　　I HEREBY CERTIFY that I electronically filed today, January 18, 2013, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case on the following service list, including all opposing counsel.

　　　　　　　　　　　　　　　　*s/ Randall C. Berg, Jr.*
　　　　　　　　　　　　　　　　　Randall C. Berg, Jr., Esq.

## SERVICE LIST

### Case No. 4:12CV239-MW/CAS
### United States District Court, Northern District, Tallahassee Division

**Served via CM/ECF:**

Susan A. Maher, Esq.
Cedell Ian Garland, Esq.
Lance Neff, Esq.
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone:  (850) 414-3300
Facsimile:  (850) 488-4872
E-mail:  susan.maher@myfloridalegal.com
Email: Cedell.Garland@myfloridalegal.com
Emai: lance.neff@myfloridalegal.com
Counsel for Kenneth S. Tucker, in his official capacity as Secretary of the Florida Department of Corrections

John A. Schifino, Esq.
Burr & Forman LLP
201 North Franklin Street
Suite 3200
Tampa, FL 33602
813-221-2626
Email: jschifino@burr.com
Counsel for Defendant Corrections Corporation of America

Scott J. Seagle, Esq.
Coppins Monroe Adkins & Dincman, P.A.
1319 Thomaswood Dr. (32308)
Post Office Drawer 14447
Tallahassee, FL 32317
Office: 850-422-2420
Fax: 850-422-2730
sjseagle@coppinsmonroe.com
Counsel for Defendant The GEO Group, Inc.