UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

Case No: 4:12-cv-239-MW/CAS

PRISON LEGAL NEWS,                                      )
a project of the HUMAN RIGHTS DEFENSE CENTER,           )
a not-for-profit, Washington charitable corporation,   )
                                                        )
      Plaintiff,                                  )
                                                        )
v.                                                      )
                                                        )
MICHAEL D. CREWS, in his official capacity              )
as Secretary of the Florida Department of              )
Corrections,                                            )
                                                        )
      Defendant.                                  )
_____ _ ___)

## SECOND AMENDED COMPLAINT

### Introduction

1.    Plaintiff Prison Legal News brings this action pursuant to 42 U.S.C. § 1983, to enjoin Defendant Michael D. Crews[1] in his official capacity as Secretary of the Florida Department of Corrections (hereinafter also referred to a "FDOC"), from barring, in violation of the First and Fourteenth Amendments to the U.S. Constitution, the receipt by inmate subscribers of the journal *Prison Legal News*, and to require Defendant to provide Plaintiff with constitutionally required notice as well as an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by the Defendant.[2] Plaintiff also seeks a declaratory judgment that Rule §

---

[1] Michael Crews has replaced Kenneth Tucker as the FDOC Secretary, and therefore all references to Tucker will be changed to Crews.
[2] Plaintiff has settled with Defendants GEO and CCA, and both have been dismissed from the case pending execution
{07066049;1}

33-501.401(3), F.A.C., is unconstitutionally void for vagueness on its face and as applied by the Defendant to Plaintiff, because it is used by the Defendants to justify the prohibition on sending literature to inmates, which has adversely affected Plaintiff's services to Florida's inmates.

2.      Plaintiff brings this action because the Defendant has repeatedly ignored its constitutional duty to allow Plaintiff's publications into their institutions.  In fact, the FDOC – through the Defendant Secretary – has reneged on previous promises made to the Middle District of Florida and the Eleventh Circuit on this issue, and has resumed to censor these publications despite previously changing its policy to allow these same publications and rendering an earlier identical lawsuit moot.

3.      Plaintiff has worked for years to provide news and information to inmates regarding their education, well-being, and safety, while abiding by the guidelines of the institutions into which they send their publications.  Defendant's policies have injured Plaintiff, as well as the inmates with whom they correspond, because Defendant continues to deny Plaintiff the right to send inmates publications designed to benefit them, both while incarcerated and after their release.

## Jurisdiction and Venue

4.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

5.      Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities

of a final settlement agreement. DE 117.  Accordingly, Plaintiff has deleted all references to these Defendants in this Second Amended Complaint so to reflect the current posture of this lawsuit going forward.

{07066049;1}

secured to the Plaintiff by the First and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

6.     This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

7.     Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

8.     Venue properly lies in the Northern District of Florida pursuant to 28 U.S.C. § 1391, as Defendant Crews is located in the Northern District of Florida, and "a substantial part of the events or omissions giving rise to the claim" occurred in the Northern District of Florida.

9.     Plaintiff seeks temporary, preliminary, and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

## Parties

10.     Plaintiff, Prison Legal News (hereinafter "PLN"), is a project of the Human Rights Defense Center, a not-for-profit, Washington charitable corporation under IRS Code § 501(c)(3), with offices in Brattleboro, Vermont.  PLN publishes *Prison Legal News*, a monthly journal of prison news and analysis.

11.     Defendant, Michael D. Crews, is the Secretary of the FDOC.  Under Defendant Crews' control, the FDOC manages all State of Florida correctional facilities.  Defendant Crews has ultimate responsibility for the promulgation and enforcement of all FDOC rules, policies and procedures, and administrative code provisions, and is responsible for the overall management of the Florida prison system.  As Secretary, Defendant Crews is the highest ranking official of the FDOC,

-3-

{07066049;1}

and is responsible for the enactment and enforcement of Rule § 33-501.401(3), F.A.C.  Defendant

Crews is sued in his official capacity for injunctive and declaratory relief, attorneys' fees and costs.

12.     At all times material to this action, the actions of Defendant Crews as alleged herein

were taken under the authority and color of state law.

## Factual Allegations

13.     Plaintiff PLN is the publisher of a monthly magazine, *Prison Legal News*, and a

distributor of books and other materials pertaining to the legal rights of prisoners and the conditions

affecting prisoners.

14.     The purpose of PLN, as stated in its Articles of Incorporation, Article III, Part 6, is to

educate prisoners and the public about the destructive nature of racism, sexism, and the economic

and social costs of prisons to society.

15.     For the past 23 years, the core of PLN's mission has been public education, advocacy

and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for

infringements of their constitutionally guaranteed and other basic human rights.

16.     *Prison Legal News* is comprised of writings from legal scholars, attorneys, inmates

and news wire services.  *Prison Legal News* has approximately 7,000 subscribers in the United

States and abroad, including subscribers in prisons in all 50 states.  Nationwide subscribers to *Prison

Legal News* also include attorneys, judges, journalists, academics, and others who have an interest in

topics included in the magazine.

17.     Plaintiff's publications, books and other materials, as described above, are political

speech and social commentary, which are at the core of First Amendment values and are entitled to

the highest protection afforded by the U.S. Constitution.

-4-

{07066049;1}

18.     Rule § 33-501.401(3), F.A.C., (also known as the "Admissible Reading Material Rule") provides:

> (3)  Inmates shall be permitted to receive and possess publications per terms and conditions established in this rule unless the publication is found to be detrimental to the security, order or disciplinary or rehabilitative interests of any institution of the department, or any privately operated institution housing inmates committed to the custody of the department, or when it is determined that the publication might facilitate criminal activity. *Publications shall be rejected when one of the following criteria is met:*
> …
> *(l)  It contains an advertisement promoting any of the following where the advertisement is the focus of, rather than being incidental to, the publication or the advertising is prominent or prevalent throughout the publication.*
> > *1. Three-way calling services;*
> > *2. Pen pal services;*
> > *3. The purchase of products or services with postage stamps; or*
> > *4. Conducting a business or profession while incarcerated.*
>
> *(m) It otherwise presents a threat to the security, order or rehabilitative objectives of the correctional system or to the safety of any person.*

(emphasis added).

19.     Defendant, by and through his application of Rule § 33-501.401(3), F.A.C., has caused substantial harm to Plaintiff.  The effect of Rule § 33-501.401(3), F.A.C., is to deny Plaintiff its right to send literature to its inmate subscribers.  Since Defendant's application of Rule § 33-501.401(3), F.A.C., to Plaintiff, PLN has been unable to send its publications to inmate subscribers in the Defendant's custody.  As such, Rule § 33-501.401(3), F.A.C., substantially chills Plaintiff's ability to communicate with its inmate subscribers, impedes Plaintiff's ability to disseminate its political message, frustrates Plaintiff's organizational mission and diverts its limited resources, and violates Plaintiff's rights under the First and Fourteenth Amendment.

{07066049;1}

20.     This is not the first time that Plaintiff has been forced to file suit to ensure that the Defendant complies with their constitutional obligations with regard to these publications.  Initially, Plaintiff was able to send its publications to Florida inmate subscribers for years without incident.  Beginning in approximately February 2003, the FDOC – through the Defendant Secretary – refused to allow delivery of *Prison Legal News*, citing Rule § 33-501.401, F.A.C.  This censorship was based on advertisements in *Prison Legal News*, which included three-way calling services, pen-pal services, and advertisements concerning the sale of postage stamps and inmate artwork.  This censorship and refusal to allow delivery of *Prison Legal News* occurred even though the FDOC had previously approved for many years subscriptions to *Prison Legal News*.  Nonetheless, the FDOC refused to deliver the subscriptions, and Plaintiff filed suit.  Case No. 3:4-cv-14-J-16HM/TEM (M.D. Fla.).

21.     During the lawsuit that ensued, the FDOC – through the Defendant Secretary – amended Rule § 33-501.401, F.A.C., three separate times to allow *Prison Legal News*, and Plaintiff's other publications, to be sent into FDOC institutions.  *See Prison Legal News v. McDonough*, 200 Fed. App'x 873, 875-76 (11th Cir. 2006).  Based solely on these changes in policy, as well as the FDOC's representation to the Court that they would not resume the impoundment of *Prison Legal News*, the Middle District of Florida, and later the Eleventh Circuit, found the case to be moot.  *See id.* at 878 ("[A]lthough the FDOC previously wavered on its decision to impound [Prison Legal News], it presented sufficient evidence to show that it has 'no intent to ban PLN based solely on the advertising content at issue in this case' in the future … and that the magazine will not be rejected based on its advertising content … We have no expectation that FDOC will resume the practice of impounding publications based on incidental advertisements.").

-6-

{07066049;1}

22.    Despite the FDOC's representations to the Middle District court and later the Eleventh Circuit, the FDOC – through the Defendant Secretary – again revised the challenged rule in 2009 and began to again impound and censor *Prison Legal News* and Plaintiff's other publications based solely on their advertising content, despite the fact that the prevalence of advertisements in the impounded publications had not been altered in any way since the FDOC's misrepresentations to the district court and the Eleventh Circuit.

23.    Since the FDOC's latest revision to the challenged rule and Defendant's resumed censorship of *Prison Legal News*, Plaintiff has been unable to fulfill its stated mission of educating prisoners and has been unable to distribute its constitutionally protected materials to inmates in Defendant's custody.

24.    None of the publications at issue in this case violate Defendant's policies or regulations and the censorship of these materials furthers no legitimate penological interest. Nonetheless, Defendant is refusing to allow these publications to be delivered to Florida inmate subscribers on the basis that they "present a threat to the security, order, or rehabilitative objectives of the correctional system or the safety of any person," for the sole reason that the publications contain "advertising [which is] prevalent throughout the publication for (1) three-way calling services; (2) pen-pal services; (3) the purchase of products or services with postage stamps; or (4) conducting a business or profession while incarcerated." *See* Admissible Reading Material Rule, Rule § 33-501.401(3)(l) and (m), F.A.C.

25.    Since the Defendant's resumed censorship of Plaintiff's publications, Defendants have failed and refused to provide Plaintiff with notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by the Defendant.

-7-

26.     Since the FDOC – through the Defendant Secretary – began to again impound and censor *Prison Legal News* and Plaintiff's other publications in 2009, Plaintiff has filed numerous appeals regarding the rejection of *Prison Legal News* and Plaintiff's other impounded publications with the FDOC's Literature Review Committee when Plaintiff is informed by its inmate subscribers that its publications have been rejected by the Defendants.  All of Plaintiff's appeals have been denied.

27.     Furthermore, the changes made to the Rule in 2009 and its interpretation thereafter fail to provide the Plaintiff with fair notice of what is now prohibited or permitted, and lacks criteria and is so standard less that it results in and encourages discriminatory enforcement  by Defendant's employees and contractors which has resulted in a resumption of its impoundment and censorship.

**28.**     There is not a valid, rational connection between the Defendant's application of Rule § 33-501.401(3), F.A.C., to Plaintiff's publications, and any legitimate governmental interest put forward to attempt to justify it.

## COUNT I

### Defendant's Unconstitutional Censorship of PLN

29.     Plaintiff hereby incorporates by reference all allegations contained in ¶¶s 1 through 28 of this Complaint, as if set forth fully herein.

30.     The FDOC's actions – through Defendant Crews – as alleged herein, constitute state action.

31.     Plaintiff sends publications to inmates throughout the nation, including those in Defendant Crews' custody; this behavior enjoys protection under the First and Fourteenth Amendments.

{07066049;1}

32.     The FDOC's actions – through Defendant Crews – in refusing to deliver or allow delivery of Plaintiff's publications to Florida inmates in its custody, solely because of the presence of certain advertisements within these publications, violate Plaintiff's rights of free speech, press and association as protected by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

## COUNT II

### Defendant's Failure to Provide Adequate Notice Violates Due Process

33.     Plaintiff hereby incorporates by reference all allegations contained in ¶¶s 1 through 28 of this Complaint, as if set forth fully herein.

34.     Defendant Crews, in denying Plaintiff its right to communicate with its current and potential inmate subscribers, has deprived Plaintiff of constitutionally protected liberty and/or property interests without due process of law.

35.     Defendant Crews' actions, as alleged herein, constitute state action.

36.     Defendant Crews' failure and refusal to provide Plaintiff with constitutionally required notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by Defendant Crews violates Plaintiff's rights to due process of law protected by the Fifth and Fourteenth Amendments to the U.S. Constitution and by 42 U.S.C. § 1983.

## COUNT III

### Defendant's Rule as Written and as Applied is
### "Void for Vagueness" in Violation of the Due Process Clause

-9-

{07066049;1}

37.     Plaintiff hereby incorporates by reference all allegations contained in ¶¶s 1 through 28 of this Complaint, as if set forth fully herein.

38.     The terminology Rule § 33-501.401(3)(l), F.A.C., fails to provide a person of ordinary intelligence fair notice of what is prohibited or permitted.

39.     Rule § 33-501.401(3)(l), F.A.C., is so standardless that it authorizes or encourages seriously discriminatory enforcement.

40.     Rule § 33-501.401(3)(l), F.A.C., does not provide fair notice of what conduct is forbidden or required.

41.     Defendant Crews has enforced, or caused the enforcement, of Rule § 33-501.401(3)(l), F.A.C., and his actions, as alleged herein, constitute state action.

42.     Defendant Crews' enforcement of Rule § 33-501.401(3)(l), F.A.C., has caused harm to Plaintiff by, among other things, preventing Plaintiff from sending correspondence to its intended recipient and preventing Plaintiff from communicating its message.  Defendant Crews has violated Plaintiff's rights under the Due Process Clause by enforcing a regulation that is impermissibly vague.

### **Request for Relief**

**WHEREFORE** Plaintiff respectfully requests that this Court grant the following relief:

(a)     Declare that Defendant's conduct violates Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution;

(b)     Declare that Rule § 33-501.401(3), F.A.C., as written and as applied to Plaintiff by Defendants, violates Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution;

-10-

{07066049;1}

(c)     Enter preliminary and permanent injunctive relief establishing that Rule § 33-501.401(3), F.A.C., is unconstitutional as written and applied by Defendant to Plaintiff's publications, prohibiting Defendants from refusing to deliver Plaintiff's publications to Florida inmate subscribers, ordering Defendants to deliver all past issues of Plaintiff's publications which have previously been censored and withheld from their Florida inmate subscribers, and requiring Defendants to provide Plaintiff with individualized notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by Defendants;

(d)     Award Plaintiff monetary sanctions for its attorneys' fees, expenses, and costs incurred in the first lawsuit based on the Defendant's intentional decision to moot the first lawsuit and the appeal, only to later again resume censorship of the publication after intentionally divesting the district court and the Eleventh Circuit of jurisdiction by promising not to censor PLN based on its advertising content;

(e)     Award Plaintiff its costs and attorneys' fees arising out of this litigation, pursuant to 42 U.S.C. § 1988; and

(f)     Grant Plaintiff such other and further relief as the Court may deem just and equitable.

{07066049;1}

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Dante P. Trevisani, Esq.
Florida Bar No. 72912

Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
Emai: *dtrevisani@floridajusticeinstitute.org*

Randall C. Marshall, Esq.
Florida Bar No. 181765

American Civil Liberties Union Found. of Fla.
4500 Biscayne Blvd.
Suite 340
Miami, Florida 33137
786-363-2700
786-363-1108 (FAX)
E-mail: *RMarshall@aclufl.org*

Lance Weber, Esq.
Alissa Ruth Hull, Esq.
Fla. Bar No. 99801

Human Rights Defense Center
P.O. Box 2420, Brattleboro, VT 05303
802-579-1309
866-228-1681 (FAX)
E-Mail: lweber@humanrightsdefensecenter.org
ahull@humanrightsdefensecenter.org

Attorneys for the Plaintiff

By:   *s/ Randall C. Berg, Jr.*
        Randall C. Berg, Jr., Esq.
        Florida Bar No. 318371

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF,  I also certify that the foregoing document is being served this

day on all counsel or *pro se* parties identified on the following Service List in the manner specified,

either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive Notices of

Electronic Filing.

By:   *s/ Randall C. Berg, Jr.*
Randall C. Berg, Jr., Esq.


## SERVICE LIST
### Case No. 4:12CV239-MW/CAS
### United States District Court, Northern District, Tallahassee Division

**Served via CM/ECF:**

Susan A. Maher, Esq.
Cedell Ian Garland, Esq.
Lance Neff, Esq.
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone:  (850) 414-3300
Facsimile:  (850) 488-4872
E-mail:  susan.maher@myfloridalegal.com
Email: Cedell.Garland@myfloridalegal.com
Emai: lance.neff@myfloridalegal.com
Counsel for Michael Crews, in his official capacity as Secretary of the Florida Department of
Corrections

-13-

{07066049;1}