# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**PRISON LEGAL NEWS,**

       **Plaintiff,**

**v.**                                                   **CASE NO. 4:12-cv-239-MW/CAS**

**MICHAEL D. CREWS, in his
official capacity as Secretary of the
Florida Department of Corrections,**

       **Defendant.**

_____/

## ORDER DENYING MOTION TO INTERVENE

This Court has considered, without hearing, Daniel J. Levitan's motion to intervene and be joined as a plaintiff party, ECF No. 170, filed on November 21, 2013. For a number of reasons, including but not limited to those identified below, the motion is denied.

With regard to intervention of right under Federal Rule of Civil Procedure 24(a), Mr. Levitan has expressed a concern, but has not shown in any way, that Prison Legal News cannot adequately represent his interest in this case. *See, e.g.*, *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 272 F. App'x 817, 819 (11th Cir. 2008) ("In order for a party to intervene as a matter of right under Rule 24(a), it must establish . . . the party's interest is represented inadequately by the existing parties to the suit."); *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250

1

(11th Cir. 2002) ("The proposed intervenor [as of right] must show . . . that existing parties in the suit cannot adequately protect [its] interest."). To the contrary, Prison Legal News's interests are aligned with those of Mr. Levitan, and it argues the same violations of First, Fifth, and Fourteenth Amendment rights which are argued by Mr. Levitan. Prison Legal News is well-represented by counsel, and this Court further granted leave and has received an amicus brief from outside counsel on these constitutional issues. Therefore, Mr. Levitan has no right to intervene.

With regard to permissive intervention under Federal Rule of Civil Procedure 24(b), Prison Legal News and Michael D. Crews, in his official capacity, filed cross motions for summary judgment and fully briefed the issues over eight months ago. Mr. Levitan's intervention and joinder at this late stage in this case could not be meaningful without unduly delaying its adjudication and prejudicing the existing parties. *See, e.g.*, *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) ("'Permissive intervention . . . is appropriate where . . . the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.'" (quoting *Georgia*, 302 F.3d at

1250)).  Therefore, Mr. Levitan may not permissively intervene.

For these reasons,

IT IS ORDERED:

The motion is **DENIED.**

**SO ORDERED on December 4, 2013.**

**s/Mark E. Walker**
**United States District Judge**
