## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**PRISON LEGAL NEWS,**

Plaintiff,

**v.**                                                    **Case No. 4:12cv239-MW/CAS**

**JULIE L. JONES, in her official**
**Capacity as Secretary of the**
**Florida Department of Corrections,**

Defendant.

_____/

## DEFENDANT'S MOTION TO TAX COSTS

Defendant Jones ("Jones"), through undersigned counsel, and pursuant to Rule 54, Federal Rules of Civil Procedure ("FRCP"), and Northern District local rule 54.2(A), respectfully moves this Court for an award of costs necessarily incurred by Defendant Jones in this case.  In support, Defendant Jones relies upon the attached Bill of Costs, the supporting exhibits, and the following memorandum of law.

## Memorandum of Law

On December 16, 2011, PLN filed a First Amended Complaint wherein it brought two claims against the Secretary.[1]  (Doc. 14 at 11, 13.)  Count III claimed

---

[1] Originally, there were two other defendants, The GEO Group, Inc. ("GEO") and Corrections Corporation of America ("CCA").  (Doc. 14 at 1.)  GEO and CCA

unconstitutional censorship under the First Amendment.  (Doc. 14 at 11.)  Count VI claimed a violation of the Fourteenth Amendment per the "[Secretary]'s failure and refusal to provide Plaintiff with constitutionally required notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored by [the Secretary]."  (Doc. 14 at 13.)  The Secretary and PLN filed cross motions for summary judgment on March 8, 2013.  (Docs. 135, 139.)  Responses and replies were filed by both parties.  (Docs. 152, 153, 154, 155.)  On August 11, 2014, this Court denied the cross motions for summary judgment.  (Doc. 195.)  The case went to trial on January 5, 2015, and ended on January 8, 2015.  (Doc. 238.)  On the last day of trial, this Court requested briefing on issues the parties had not previously briefed.  (Doc. 240 at 19:19 – 20:04.)  Both parties submitted additional briefing as requested.  (Docs. 241, 242.)  On August 27, 2015, this Court issued an order wherein it found in favor of the Secretary on the First Amendment claim and in favor of PLN on the Fourteenth Amendment due process claim.  (Doc. 251.)  A judgment was entered the same day.  (Doc. 252.)

On September 18, 2015, the Secretary filed a timely notice of appeal, and then, later in the day, PLN filed a notice of appeal.  (Doc. 257, 259.)  PLN also filed a motion to alter or amend the judgment to which the Secretary responded.

---

settled with PLN.  (Doc. 117.)

(Docs. 258, 265.)   This Court then issued an order on the post-trial motions, entered an amended order on the bench trial, and entered an amended judgment on October 5, 2015.  (Docs. 278, 279, 280.)   On October 6, 2015, Secretary Jones filed an amended notice of appeal, followed by PLN filing their amended notice of appeal.  (Docs. 281-283.) After briefing, this Court's ruling was affirmed by the appellate court on May 17, 2018.   (Doc. 300.)   This timely motion for costs follows.  (Doc. 254.)   Rule 6(a), Fed. R. Civ. P.  (the thirtieth day fell on a weekend.)

As the prevailing party as to the First Amendment claim, Secretary Jones is entitled to recover costs against PLN pursuant to FRCP 54(d)(1), for costs necessarily incurred that are associated with this claim.  Attached is the Bill of Costs in support of this motion.  (Def. Ex. A.)  The Bill of Costs represents the copy costs of multiple depositions and deposition transcripts for those individuals deposed regarding the First Amendment Issue, and the trial transcripts purchased by Secretary Jones, as they pertain to the First Amendment Issue, which were necessarily obtained for use in the case.   The court reporter costs for the depositions relating to the First Amendment issue, including the court reporter's attendance and the transcription at each deposition totaled $4670.34.[2]   (Def.

---

[2] This includes the full costs for the depositions of Margaret Hayes Savage (with a second deposition under the name Meg Savage), E. Eugene Miller, three

Exhibits B, C.)  The cost of trial transcripts purchased by Defendant Jones for a total of 652 pages (associated with the First Amendment claim) at $4.25 per page is $2771.00. (Def. Exhibits B, D.) In sum, the total costs sought in this motion for the recorded deposition/trial transcripts is $7441.34 ($4670.34+ $2771.00).

The costs authorized by statute, 28 U.S.C. § 1920, are recoverable by the prevailing party, Rule 54(d), FRCP.  The non-prevailing party bears the burden of demonstrating that a cost is not taxable.  Monelus v. Tocudrian, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009); Ass'n for Disabled Americans, Inc. v. Integra Report Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).  The necessary fees for printed or electronically recorded transcripts and copy costs are taxable. 28 U.S.C. §1920(2), (4).  The costs for a court reporter's attendance is also taxable.  Smith v. Conner, No. 8:12-CV-52-T-30AEP, 2014 WL 1652419, at *1 (M.D. Fla. Apr. 23, 2014) (unpublished order) (citing   Held v. Held, 137 F.3d 998, 1002 (7th Cir. 1998)); Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258 (S.D.Fla. 2013) (same).

---

depositions of James Upchurch, Allen Overstreet, and two depositions of Paul Wright. The depositions of these individuals pertained solely to the First Amendment issue. It also includes prorated costs for the depositions of Mark Henry, Jason Ellis, and Sheile Slater. Each of these witnesses' depositions pertained to both the First Amendment and Due Process claims. Accordingly, undersigned counsel conducted an analysis of how many pages dealt solely with each claim, added half a page for each page that pertained to both or neither claim, and included costs for only the total number of pages pertaining to the First

The "prevailing party" is "[a] party in whose favor a judgment is rendered." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835 (2001) (citation omitted).  When a defendant prevails on the merits of some of his or her claims, he may be deemed a prevailing party entitled to costs.  Perry v. Orange County, 341 F. Supp. 2d 1197, 1203-04 (M.D. Fla. 2004); see John M. Floyd & Assoc., Inc. v. First Florida Credit Union, No. 3:09-cv-168-J-MCR, 2012 WL 162331, at *1 (M.D. Fla. Jan .19, 2012) (unreported order) (citing Stein v. Paradigm Mirasol, LLC, No. 2:07-cv-71-FtM-29DNF, 2009 WL 32887, at *2 n. 3 (M.D. Fla. Jan.6, 2009), and Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., 254 F.3d 987, 1012 (11th Cir. 2001)).

While the court has discretion in considering a motion to tax costs, see Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 462 (11th Cir. 1996), that discretion is limited, Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) ("although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered").  The court's discretion is not unfettered because denial of costs to the prevailing party is in the "nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting Walters v. Roadway

---

Amendment claim in this request for costs.  (See Def. Ex. B.)

Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)).[3]  "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so."  Chapman, 229 F.3d at 1039.  The court can consider the financial status of the non-prevailing party; however, when considering such financial circumstances, the non-prevailing party should be required to provide substantial documentation of a true inability to pay and "a court may not decline to award any costs at all."  Id.  Further, the court should not compare the financial resources of the parties as such would unduly prejudice parties with assets and undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties.  Id.

Here, pursuant to the FRCP 56 motion, Secretary Jones ultimately obtained judgment in her favor as to the First Amendment claim.  (Docs. 251, 252, 279, 280, 300.)  As such, Secretary Jones is the prevailing party in this action for all costs necessarily incurred that were associated with the First Amendment claim.

---

[3]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September  30, 1981.

**WHEREFORE**, based on the foregoing, Secretary Jones, as the prevailing party in this cause of action as to the First Amendment claim, respectfully moves this Court for an award of costs in the amount of $7441.34.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**
/s/ Marcus O. Graper
**MARCUS O. GRAPER**
**Senior Assistant Attorney General**
**Florida Bar No. 0044049**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
marcus.graper@myfloridalegal.com

## CERTIFICATE OF WORD COUNT

**I hereby certify** that, in accordance with Northern District of Florida local rule 7.1(F), the total word count for this motion and memorandum is less than 1600 words.

/s/ Marcus O. Graper
MARCUS O. GRAPER

## <u>CERTIFICATE OF SERVICE</u>

**I hereby certify** that the foregoing *Defendant's Motion to Tax Costs* has been filed electronically via this Court's CM/ECF system and served via the same on all counsel or parties of record on this <u>18th</u> day of June, 2018.

<u>/s/ Marcus O. Graper</u>
MARCUS O. GRAPER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PRISON LEGAL NEWS,**

    Plaintiff,

**v.**                                                     **Case No. 4:12cv239-MW/CAS**

**JULIE L. JONES, in her official**
**Capacity as Secretary of the**
**Florida Department of Corrections,**

    Defendant.

_____/

## DEFENDANT'S INDEX TO APPENDIX

Exhibit A    Bill of Costs

Exhibit B    Table Summary with the number of pages associated with the First Amendment Claim from the deposition and trial transcripts

Exhibit C    Invoice receipts for the following depositions:

| Name | Date | Page |
|---|---|---|
| Mark Henry | Jan. 23, 2013 | page 1 |
| Margaret Savage | Feb. 12, 2013 | pages 2-3 |
| Jason Ellis | Jan. 23, 2013 | page 4 |
| Sheile Salter | Jan. 23, 2013 | page 4 |
| E. Eugene Miller | Feb. 20, 2013 | page 5 |
| James Upchurch | Jan. 24, 2013 | page 6 |
| Allen Overstreet | Jan. 25, 2013 | page 6 |
| James Upchurch | Feb. 21, 2013 | pages 7-8 |
| James Upchurch | Oct. 9, 2014 | page 9 |
| Meg Savage | Oct. 16, 2014 | page 10 |
| Paul Wright | Jan. 30, 2013 | page 11 |
| Paul Wright | Oct. 6, 2014 | page 12 |

Exhibit D    Invoice for Trial Transcripts for Days 1-3

9