## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### Tallahassee Division

### Case No: 4:12-cv-239-MW/CAS

PRISON LEGAL NEWS,                                    )
a project of the HUMAN RIGHTS DEFENSE CENTER, )
a not-for-profit, Washington charitable corporation,      )
                                                    )
        Plaintiff,                                    )
                                                    )
v.                                                    )
                                                   )
MARK S. INCH[1], in his official capacity as           )
Secretary of the Florida Department of Corrections,   )
                                                   )
        Defendant.                                   )
_____)

### PLAINTIFF'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND EXPENSES
### and
### MEMORANDUM ON TAXABLE COSTS

Plaintiff Prison Legal News (PLN), by and through undersigned counsel and pursuant to the bifurcated procedure outlined in Local Rule 54.1, hereby moves for a determination of its entitlement to attorneys' fees and expenses.  After four years of hard-fought district court litigation, PLN prevailed on its Due Process claim when this Court found that the Florida Department of Corrections (FDC) had systemically

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Mark S. Inch has been substituted for Julie Jones as the new Secretary of the Florida Department of Corrections.

violated PLN's Due Process rights and entered an injunction requiring FDC to provide proper notice to PLN when censoring its publications. After four more years of appellate litigation, that injunction was affirmed on appeal. The injunction unquestionably changed the legal relationship between the parties and therefore renders PLN a prevailing party entitled to attorneys' fees under 42 U.S.C. § 1988. Although PLN did not prevail on its First Amendment claim, that does not defeat PLN's prevailing party status; binding caselaw makes clear that success on *any* claim is sufficient. Thus, eight years after filing this case, Plaintiff now seeks a determination of its entitlement to attorneys' fees and expenses under 42 U.S.C. § 1988. PLN also requests that the Court approve taxable costs in PLN's favor. In support, Plaintiff states the following.

## **Factual and Procedural Background**

PLN is the publisher of the criminal justice magazine *Prison Legal News*.[2] It has incarcerated subscribers in most state correctional systems, including Florida's. In November 2011, PLN filed its initial Complaint in the Southern District of Florida. ECF 1. The Complaint accused the FDC of censoring *Prison Legal News*— i.e., impounding it and not delivering it to its intended subscribers in prison—

---

[2] Plaintiff is only including the procedural history that is relevant to this motion to determine entitlement. Other facts, which may help explain the work PLN's attorneys performed, may be included in future pleadings in support of the amount of fees, if necessary.

because the magazine contained advertisements for certain services.  The Complaint also accused FDC of failing to notify PLN of each impoundment, thereby depriving PLN of the ability to challenge the censorship.  PLN asserted a First Amendment claim based on the censorship and a Due Process claim for the failure to provide notice.  Shortly thereafter, PLN filed an Amended Complaint dropping certain defendants and adding two private corrections companies as defendants.  ECF 14.  Eventually, the private defendants were dismissed from the case through settlement.

Upon Defendant's Motion and over PLN's objection, venue was transferred to the Northern District of Florida in April 2012.  ECF 46.  Cross motions for summary judgment were denied in August 2014, ECF 195, and a three-day bench trial was held in January 2015.  ECF 235, 236, 247.  This Court issued an Order on PLN's claims in August 2015, ECF 251, then an Amended Order on October 5, 2015.  ECF 279.

The Court ruled in the FDC's favor on the First Amendment claim, finding that PLN had failed to show that the censorship of *Prison Legal News* was not reasonably related to legitimate penological interests.  *Id*. at 52.  However, this Court ruled in PLN's favor on the Due Process claim, finding that FDC had either failed to provide notice at all or failed to provide sufficient notice to PLN for a substantial number of magazine impoundments, conduct that amounted to a "systemic failure" that was "disregarded by FDOC administrators." *Id*. at 58.  This

Court concluded that FDC would continue with these notice failures going forward

"absent interjection by this Court." *Id*. at 63.  Thus, the Court entered a judgment

stating:

> Prison Legal News successfully proved that the Florida Department of Corrections has violated its right to due process under the Fourteenth Amendment. Prison Legal News has also shown that the Florida Department of Corrections' current censorship practices will continue to deprive Prison Legal News of due process of law.
>
> Accordingly, the Florida Department of Corrections is permanently enjoined from censoring Prison Legal News' written communications without due process of law. To comply with due process of law, this permanent injunction modifies the Florida Department of Corrections' current notification procedures as follows:

*Id*. at 64.  The Court went on to explain that the FDC must 1) notify PLN every time

it impounds a written communication from PLN, 2) specify the portion of the rule

that was alleged to be violated, and 3) inform PLN if the reason for the impoundment

changes.  *Id*.   The Court entered a permanent injunction, and judgment was entered

accordingly. ECF 280.

PLN then appealed the resolution of the First Amendment claim, and the FDC

cross-appealed the resolution of the Due Process claim.   The Eleventh Circuit

affirmed in all respects. *Prison Legal News v. Sec'y, Fla. Dep't of Corr*., 890 F.3d

954 (11th Cir. 2018).  With respect to the Due Process claim, the Eleventh Circuit

noted the "remarkable failure rate" regarding FDC's notices to PLN, and held that

this Court did not abuse its discretion in issuing the injunction.  *Id*. at 977.  PLN then

sought certiorari from the U.S. Supreme Court, which was denied.  *Prison Legal News v. Jones*, No. 18-355, 2019 WL 113111 (U.S. Jan. 7, 2019).

## <u>Argument</u>

### <u>PLN Is Entitled to Attorneys' Fees and Expenses</u>

PLN is entitled to attorneys' fees and expenses because it is a "prevailing party" under 42 U.S.C. § 1988.  "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."  *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (quotation/citation omitted).  The Supreme Court has explained that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed *on any significant issue* in litigation which achieves *some of the benefit* the parties sought in bringing suit."  *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quotations/citations omitted; emphasis added).  *See also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist. ("Garland")*, 489 U.S. 782, 791 (1989) ("A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought . . . ."); *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (prevailing party status satisfied by "a situation where a party has been awarded by the court at least some relief on the merits of his claim.").

PLN unquestionably satisfies the prevailing party standard here.  This Court found that PLN's Due Process rights had been systemically violated, issued a permanent injunction requiring the FDC to provide proper notice to PLN, and entered judgment in PLN's favor on this issue.  The injunction clearly and materially altered the legal relationship between PLN and the FDC, and PLN achieved a benefit sought in this litigation: consistent notice and the ability to appeal the impoundment of its magazine.

Any potential counterarguments are meritless.  First, losing on other claims does not defeat prevailing party status.  *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010) ("A plaintiff crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others . . . .").  *See also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that a plaintiff can be "deemed 'prevailing' even though he succeeded on only some of his claims for relief.").  PLN is still a prevailing party in this action, even though it did not prevail on its First Amendment claim.

Similarly, prevailing party status is not defeated by a lack of success, as the Supreme Court has held that "the prevailing party inquiry does not turn on the magnitude of the relief obtained."  *Farrar*, 506 U.S. at 103 (holding that even a nominal damage award is sufficient to confer prevailing party status).  Rather, "the degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor

critical to the determination of the size of a reasonable fee, *not to eligibility for a fee award at all*." *Garland*, 489 U.S. at 790 (emphasis added).  *See also Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("Nor does the plaintiff need to obtain relief to the extent demanded; getting something suffices to authorize an award of fees.").   Thus, although PLN did not prevail on every claim in the lawsuit, it is plainly entitled to fees because of the injunction obtained on the Due Process claim.

Further, this was not a mere technical victory; the Due Process claim was significant.  Notice and an opportunity to be heard have been the cornerstone of procedural due process "[f]or more than a century." *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (citations/quotations omitted).   Without proper notice, PLN has no way of determining whether its publications are reaching their intended recipients, and no way of ensuring that the impoundments are proper under FDC's own rule. In short, compliance with Due Process is critical for compliance with the First Amendment.   But even if the issue were not significant, PLN would *still* be a prevailing party, as even success on a minor issue is sufficient to confer prevailing party status.  *Garland*, 489 U.S. at 791 (rejecting the notion that the issue on which success is predicated must be "central" or "primary").

In sum, the only question presented by this motion is whether PLN is a prevailing party and therefore entitled to attorneys' fees.  If this motion is granted,

Defendant can contest the amount of fees that should be awarded in future briefing, but those arguments have no place here.[3]  As long as Plaintiff has "succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." *Garland*, 489 U.S. at 791–92 (quotations/citations omitted; brackets in original).

<u>Taxable Costs Should Be Awarded to PLN</u>

PLN also requests that the Court approve the taxable costs listed in PLN's forthcoming Bill of Costs filed with the Clerk.[4]  Taxable costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  To be a prevailing party,

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)…. A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims…. 10 Wright & Miller, supra, § 2667, p. 129–130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978)).  A district court has discretion to award taxable costs even in cases where limited success was achieved.  *See Lipscher*

---

[3] To be clear, Plaintiff does not concede that its fees should be significantly reduced, as the two claims were inextricably intertwined.

[4] Pursuant to Local Rule 54.2(A), a party may submit a memorandum in support of a bill of costs.

*v. LRP Publications, Inc.,* 266 F.3d 1305, 1321 (11th Cir. 2001) (no abuse of discretion to award costs to party who received only nominal damages).

Here, just as success on one claim renders PLN a prevailing party for attorneys' fees, it also confers prevailing party status for purposes of taxable costs. Although PLN did not prevail on its First Amendment claim, the Court should exercise its discretion and award costs to PLN so as to vindicate the purpose of the attorneys' fees statute.

In the alternative, the allocation of costs can be determined simultaneously with fees and expenses. If PLN is determined to be a prevailing party for attorneys' fees and expenses, the next step would be to determine an appropriate award. At that point, the determination of taxable costs can be integrated with the award of attorneys' fees and expenses.

## Conclusion

PLN respectfully requests the Court to grant this Motion and find that PLN is entitled to attorneys' fees and expenses and to taxable costs for this action.

**Certificate of Counsel**.  Pursuant to Local Rule 7.1(B), N.D. Fla., Plaintiff's counsel has conferred with Defendant's Counsel regarding this motion by sending an initial email on January 9, 2019.  Defendant initially indicated that he opposes the relief sought herein. Plaintiff's counsel made further attempts at conferring by sending follow-up emails on January 17, January 24, and January 30.  Defendant's counsel indicated a final position would be provided by February 1, but to date no response has been received.

**Word Count**.  Pursuant to Local Rule 7.1(F), N.D. Fla., the word count of this Motion is 2,013 words.

Respectfully submitted,

**Dante P. Trevisani**
Fla. Bar No. 72912
dtrevisani@floridajusticeinstitute.org
Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, FL 33131-2309
T. 305.358.2081
F. 305.358.0910

**Sabarish Neelakanta**
Fla. Bar No. 26623
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
561.360.2523 Office
866.735.7136 Fax
E-Mail:
sneelakanta@humanrightsdefensecenter.org

**Benjamin James Stevenson**
Fla. Bar. No. 598909
ACLU Found. of Fla.
P.O. Box 12723
Pensacola, FL  32591-2723

T. 786.363.2738
F. 786.363.1985
bstevenson@aclufl.org


By:   *s/ Dante P. Trevisani*
        Dante P. Trevisani
        Counsel for Prison Legal News


## **Certificate of Service**

I HEREBY CERTIFY that I electronically filed today, February 5, 2019 the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case on the following service list, including opposing counsel.


By:   *s/ Dante P. Trevisani*
        Dante P. Trevisani