UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PRISON LEGAL NEWS,

    *Plaintiff*,

v.                          Case No. 4:12cv239-MW/CAS

MARK S. INCH, in his official
capacity as Secretary of the
Florida Department of Corrections,

    *Defendant.*

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COSTS**

Plaintiff raised two claims against Defendant[1] in this case: (1) unconstitutional censorship under the First Amendment, and (2) violation of the Fourteenth Amendment per "[Defendant's] failure and refusal to provide Plaintiff with constitutionally required notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored." ECF No. 14, at 11, 13. This Court ruled in favor of Defendant on the first claim and in favor of Plaintiff on the second claim. ECF No. 251.

---

[1] The claims were originally brought against Kenneth S. Tucker in his official capacity as Secretary of the Florida Department of Corrections. ECF No. 14, at 11, 13. Mr. Tucker has since been replaced by Mark S. Inch. *See* ECF No. 318.

1

The Eleventh Circuit affirmed on appeal, ECF No. 300, and the Supreme Court denied review, ECF No. 314. Defendant now moves for costs. ECF No. 313.

The Federal Rules of Civil Procedure provide that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although Plaintiff lost on its First Amendment claim, this Court nonetheless concludes that Plaintiff is the prevailing party because it obtained relief on its Fourteenth Amendment claim. *See generally* 10 Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 2667 (4th ed. & Nov. 2018 update) ("[A] claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims."); *accord Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). To the extent this Court has discretion to hold that Defendant is also a prevailing

party,[2] or otherwise award Defendant costs as a nonprevailing party,[3] this Court declines to exercise such discretion.

Accordingly,

**IT IS ORDERED:**

Defendant's amended, renewed motion to tax costs, ECF No. 313, is **DENIED**.

**SO ORDERED on February 27, 2019.**

>   s/Mark E. Walker                    
>   **Chief United States District Judge**

---

[2] *But see Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("[E]ven in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party.' For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.").

[3] *See generally* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2667 (4th ed. & Nov. 2018 update) (noting that "[i]n some cases [involving mixed success], the court will apportion costs among the parties"); *but see Worsham v. United States*, 828 F.2d 1525, 1527 (11th Cir. 1987) ("Our precedent confirms that 'Rule 54(d) does not give the District Court power to award costs to the nonprevailing party, but only gives that court discretion to order that each party bear part or all of its own costs.'" (quoting *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir. 1976))).