UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PRISON LEGAL NEWS,

    *Plaintiff*,

v.                        Case No. 4:12cv239-MW/CAS

MARK S. INCH, in his official
capacity as Secretary of the
Florida Department of Corrections,

    *Defendant.*
_____/

**ORDER DETERMINING
PLAINTIFF'S ENTITLEMENT TO FEES AND COSTS**

Plaintiff raised two claims against Defendant[1] in this case: (1) unconstitutional censorship under the First Amendment, and (2) violation of the Fourteenth Amendment per "[Defendant's] failure and refusal to provide Plaintiff with constitutionally required notice and an opportunity to be heard and/or protest the decision each time Plaintiff's publications are censored." ECF No. 14, at 11, 13. This Court ruled in favor of Defendant on the first claim and in favor of Plaintiff on the second claim. ECF No. 251.

---

[1] The claims were originally brought against Kenneth S. Tucker in his official capacity as Secretary of the Florida Department of Corrections. ECF No. 14, at 11, 13. Mr. Tucker has since been replaced by Mark S. Inch. *See* ECF No. 318.

1

The Eleventh Circuit affirmed on appeal, ECF No. 300, and the Supreme Court denied review, ECF No. 314. Plaintiff now moves for attorney's fees under 42 U.S.C. § 1988 and costs under Federal Rule of Civil Procedure 54(d)(1). ECF No. 310.

"[I]n order to qualify for attorney's fees under § 1988, a plaintiff must be a 'prevailing party.'" *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "Under [the Supreme Court's] generous formulation of the term, plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Id.* (internal quotation marks omitted). This Court concludes that Plaintiff is a prevailing party within the meaning of § 1988 because Plaintiff succeeded on its Fourteenth Amendment claim. That claim was significant, and Plaintiff achieved a benefit by having this Court enter an injunction requiring the Florida Department of Corrections to comply with its notice provisions. As such, Plaintiff is entitled to fees under § 1988.

As for costs, the Federal Rules of Civil Procedure provide that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be

2

allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[A] party need not prevail on all issues to justify a full award of costs . . . ." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978)). "A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims . . . ." *Id.* (quoting *Mitchell*, 580 F.2d at 793). Again, this Court concludes that Plaintiff is the prevailing party because it obtained relief on its Fourteenth Amendment claim. As such, Plaintiff is entitled to costs under Rule 54(d)(1).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion to determine entitlement to attorney's fees and expenses, ECF No. 310, is **GRANTED** insofar as this Court concludes that Plaintiff is *entitled* to attorney's fees. No later than March 15, 2019, Plaintiff must file a brief outlining the *amount* of fees it believes this Court should award. In doing so, Plaintiff must specifically explain why it believes this Court should not reduce any award in light of Plaintiff's loss on its First Amendment

3

Claim. Defendant must respond to Plaintiff's brief no later than March 29, 2019.

2. This Court defers ruling on the issue of costs. No later than March 15, 2019, Plaintiff must file a response to Defendant's objections as listed in ECF No. 321.

**SO ORDERED on March 5, 2019.**

**s/Mark E. Walker**
**Chief United States District Judge**
