UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

Case No: 4:12-cv-239-MW/CAS

PRISON LEGAL NEWS,                                    )
a project of the HUMAN RIGHTS DEFENSE CENTER, )
a not-for-profit, Washington charitable corporation,  )
                                                      )
      Plaintiff,                                     )
                                                      )
v.                                                    )
                                                      )
MARK S. INCH, in his official capacity as             )
Secretary of the Florida Department of Corrections,   )
                                                      )
      Defendant.                                     )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S COSTS**

Plaintiff, Prison Legal News ("PLN"), by and through undersigned counsel, as directed by the Court in its Order Determining Plaintiff's Entitlement to Fees and Costs (ECF 322), hereby responds to Defendant's objections to Plaintiff's costs (ECF 321 at 4-9). None of the objections has merit, and therefore all of PLN's claimed costs should be taxed against Defendant.

Apportionment Between Claims

The majority of Defendant's objections stems from the already-rejected argument that costs should be apportioned between winning and losing claims. This

Court has already declined Defendant's invitation to do so. ECF 320 at 2-3. For the reasons set forth in Plaintiffs' Response to Defendant's Amended, Renewed Motion to Tax Costs (ECF 317), costs should not be apportioned between claims.[1]

Relatedly, several objections only state, "Objection, Literature Review Committee ("LRC") witness." It's unclear what this objection means. If Defendant means to imply that LRC witnesses would only have information relevant to the First Amendment claim, that is simply wrong. If anything, the LRC witnesses would be more critical to the Due Process claim, as they were responsible for the process by which publications were received, reviewed, and impounded; how notices were processed and sent; and how any appeals from publishers were handled.

Transcript of 1/11/13[2] Motion to Compel Hearing

The transcript of this hearing was necessary to prove Defendant violated this Court's discovery order. After Defendant failed to adequately respond to numerous discovery requests, PLN was forced to file a Motion to Compel on November 29, 2012 (ECF 87). A hearing on the motion was held on January 11, 2013. One of the main issues at the hearing was PLN's request for documents showing any security

---

[1] This is especially true of Defendant's attempted apportionment of pages within depositions, which, from a practical standpoint, makes no sense. While it is sometimes possible to order partial transcripts, there is no way to know before reading the transcript which pages to order. Thus, to theoretically use a transcript only for a winning claim, a party still must purchase the entire thing. The cost of using the transcript only for a winning claim is therefore the cost of the entire transcript.

[2] PLN mistakenly referred to this date as 1/1/13 in its Bill of Costs.

issues that had arisen as a result of the services advertised in *Prison Legal News*. At the hearing, Defendant promised that, other than what had been produced, it was aware of no other documents, and that it understood that any late-produced documents could not be used at trial. *See* ECF 159-4 at 8-10. The Court also made clear to Defendant that it could not use any late-discovered documents. *Id*. at 22:19-23:1. The motion was granted in part and denied in part in a two-page order for the reasons stated on the record at the hearing. ECF 107. The Court reserved judgment on PLN's request for attorneys' fees against the FDC. *Id*.

Yet Defendant ignored this Court's instruction and did exactly what was prohibited: It produced thousands of documents on the eve of the summary judgment due date. As a result, PLN was forced to file a Motion to Strike the late-produced documents from the summary judgment record and exclude them from trial (ECF 159). Because Defendant's promises and the Court's instructions were not captured in the Order, PLN was required to order the transcript of the hearing, and attached it to the Motion and quoted from it at length (ECF 159-4). The Motion was eventually denied as moot because the evidence did not affect the Court's denial of both parties' summary judgment motions (ECF 194). The Court invited PLN to raise the issue again as a motion in limine if warranted, which PLN did (ECF 204).

The Court later granted the motion in limine in large part, agreeing with PLN that most of the documents should be excluded from trial. ECF 208. The Court

noted that the late-disclosed discovery was "the precise mischief this Court addressed in the original discovery hearing." *Id*. at 3 n. 2. Thus, the transcript of the 1/11/13 motion to compel hearing was critical to proving Defendant's discovery violation. It was therefore "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Service of Dismissed Defendants

The three Wardens (Larry Mayo, Norman Jenkins, and William Churchwell) were initially Defendants in the case, and as such they were served with the summons and Complaint. Service fees are taxable as a fee of the marshal. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Defendant has provided no argument for why the dismissal of a defendant transforms a previously taxable cost into one that is nontaxable. Service on these defendants was a necessary and routine aspect of prosecuting this case. The cost is taxable under 28 U.S.C. § 1920(1).

Pro Hac Vice and Admission Fees

There appears to be a split of authority on whether pro hac vice fees are taxable. *Compare Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) & *United States ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006) (pro hac vice fees are taxable) *with Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2013) (pro hac vice fees not taxable). Although it does not appear that the Eleventh Circuit has

addressed this issue, District Courts in Florida have taxed pro hac vice fees. *See, e.g., TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-CIV-61741, 2018 WL 3110799, at *14 (S.D. Fla. Apr. 11, 2018), *report and recommendation adopted at* 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018). This is the better view. The pro hac vice fee was required by the Clerk to prosecute this case, and it should be taxed as such.

Further, even courts holding pro hac vice fees not taxable have acknowledged that original admission fees are taxable as a fee of the clerk. *See Kalitta Air*, 741 F.3d at 958. *See also Crooked Creek Properties, Inc. v. Hutchinson,* No. 2:09-CV-1104-WKW, 2013 WL 1857625, at *2 (M.D. Ala. May 2, 2013) (Eleventh Circuit admission fee taxable as fee of the clerk). Thus, the admission fee is taxable.

WHEREFORE, Plaintiff respectfully requests that Defendant's objections be overruled and that the Court award PLN its taxable costs.

**Word Count**. Pursuant to Local Rule 7.1(F), N.D. Fla., the word count of this Motion is 1,056 words.

Respectfully submitted,

**Dante P. Trevisani**
Fla. Bar No. 72912
DTrevisani@FloridaJusticeInstitute.org
Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, FL 33131-2309
T. 305.358.2081
F. 305.358.0910

**Benjamin James Stevenson**
Fla. Bar. No. 598909
ACLU Found. of Fla.
P.O. Box 12723
Pensacola, FL  32591-2723
T. 786.363.2738
F. 786.363.1985
bstevenson@aclufl.org

**Sabarish Neelakanta**
Fla. Bar No. 26623
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
561.360.2523 Office
866.735.7136 Fax
E-Mail: sneelakanta@humanrightsdefensecenter.org

By:   *s/ Dante P. Trevisani*
      Dante P. Trevisani
      Counsel for Prison Legal News

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today, March 15, 2019, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case on the following service list, including opposing counsel.

By: _s/ Dante P. Trevisani_
Dante P. Trevisani