# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

PRISON LEGAL NEWS,

    *Plaintiff*,

v.                        Case No. 4:12cv239-MW/CAS

MARK S. INCH, in his official
capacity as Secretary of the
Florida Department of Corrections,

    *Defendant.*
_____/

## ORDER ON COSTS

Plaintiff moved for costs. ECF No. 310; ECF No. 312. Defendant objected. ECF No. 321. This Court ruled that Plaintiff is entitled to costs but deferred ruling on the amount of the award pending Plaintiff's response to Defendant's objections. ECF No. 322. Plaintiff has now responded to Defendant's objections. ECF No. 325. For the reasons that follow, Defendant's objections are **GRANTED in part** and **DENIED in part**. As such, Plaintiff is only entitled to a portion of its requested costs.

I. *The January 11, 2013 Hearing Transcript*

Defendant objects to recovery of costs for a transcript of a motion-to-compel hearing that took place on January 11, 2013.[1] ECF No. 321, at 4, 9. However, as Plaintiff notes, the transcript was necessary to prove Defendant violated this Court's discovery order. ECF No. 325, at 2–4. Plaintiff attached the transcript to a motion to exclude and quoted from it at length. *See* ECF No. 159; ECF No. 159-4. Although this Court denied the motion to exclude as moot, this Court allowed Plaintiff to revisit the issue in a motion for limine. ECF No. 194. Plaintiff filed such a motion in limine and again cited to the January 11, 2013 hearing transcript. ECF No. 204; ECF No. 204-4. This Court granted the motion in limine in large part, noting that the late-disclosed discovery Defendant wanted to enter into evidence was "the precise mischief this Court addressed in the original discovery hearing." ECF No. 208, at 3 n.2. Accordingly, the January 11, 2013 transcript was necessarily obtained for use in the case. As such, the costs of the transcript are recoverable. 28 U.S.C. § 1920(2).

---

[1] Defendant's brief refers to a hearing on January 1, 2013. ECF No. 321, at 4, 9. However, as Plaintiff points out, the hearing at issue took place on January 11, 2013. ECF No. 325, at 2 n.2; *see also* ECF No. 109.

II. *Service of Dismissed Defendants*

Defendant objects to recovery of costs for issuing services of summons on former defendants Larry Mayo, Norman Jenkins, and William Churchwell. ECF No. 321, at 8, 9. All three were prison wardens who were listed as defendants in Plaintiff's original complaint. ECF No. 1. But, only one month later, Plaintiff voluntarily filed an amended complaint omitting all three wardens. ECF No. 14. Defendant should not have to pay the costs Plaintiff incurred in serving three defendants whom Plaintiff voluntarily decided to drop from the case one month after filing. Accordingly, Plaintiff is not entitled to recover the $175 in costs for serving the dismissed defendants.

III. *Pro Hac Vice and Admission Fees*

Defendant objects to the recovery of costs for a *pro hac vice* fee and an admission fee, arguing that they are "un-enumerated under 28 U.S.C. § 1920." ECF No. 321, at 7–8; *see also id.* at n.2, n.3 (citing *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1313 n.11 (N.D. Ga. 2017); *Fuzion Vapor, LLC v. Fumizer, LLC*, No. 3:16-CV-942-J-34PDB, 2017 WL 9360896, at *17 (M.D. Fla. July 28, 2017) (Barksdale, Mag. J.)). This Court recognizes that there is a split of authority on the issue. *See* ECF No. 325, at 4–5.

This Court finds that the better view is to allow recovery of costs for original admission fees but not for special admission fees such as fees for *pro hac vice* admission. In reaching this conclusion, this Court adopts the analysis set forth by the Ninth Circuit:

> Section 1920(1) authorizes the district court to tax as costs "[f]ees of the clerk." 28 U.S.C. § 1920(1). Focusing on the plain language of the statute, the specific context in which the language is used, as well as the broader context of the statute as a whole, we conclude § 1920(1)'s reference to fees of the clerk draws its meaning from 28 U.S.C. § 1914, which authorizes the district court to collect a filing fee and "such additional fees only as are prescribed by the Judicial Conference of the United States," 28 U.S.C. § 1914(a), (b).
>
> The Judicial Conference's fee schedule does not refer to *pro hac vice* fees at all. Rather, it provides for a $176 fee "[f]or original admission of attorneys to practice," including a certificate of admission. 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule # 10. We read the Judicial Conference's use of the phrase "original admission" as referring to the permanent admission of attorneys to the district court's bar. Such original admission does not include the temporary and limited leave to practice before the district court granted by *pro hac vice status*. Accordingly, because § 1914(b) allows a clerk to collect only those fees prescribed by the Judicial Conference, and the Judicial Conference has not specifically provided for *pro hac vice* fees, we conclude that § 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs.

*Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957–58 (9th Cir. 2013) (citations and footnote omitted).

4

Accordingly, Plaintiff is not entitled to recover costs for the $75 *pro hac vice* fee.

IV. *Apportionment Between Claims*

Defendant's remaining objections pertain to the issue of apportionment. *See* ECF No. 321, at 4–9. That is, Defendant argues that Plaintiff should not recover certain costs, or should only recover part of certain costs, because Defendant believes those costs are attributable to the First Amendment claim that Plaintiff lost. *See id.* This Court has already explained that, despite Plaintiff's partial victory, this Court finds Plaintiff to be the prevailing party. ECF No. 322. To the extent this Court has discretion to apportion costs, this Court declines to do so. Instead, this Court will consider Plaintiff's partial victory when determining the appropriate amount of attorney's fees to award.

V. *Computing Plaintiff's Costs*

This Court finds that Plaintiff's remaining costs are properly taxable. Plaintiff computed its total costs to be $6,454.42. ECF No. 312. This Court determined that Plaintiff may not recover the $175 in costs for serving the dismissed defendants. This Court also determined that Plaintiff may not recover the $75 in costs for a *pro hac vice* fee. Thus, Plaintiff is entitled to $6204.42 in costs.

Accordingly,

**IT IS ORDERED:**

1. Defendant's objections to Plaintiff's costs, ECF No. 321, are **GRANTED in part** and **DENIED in part**.

2. Plaintiff is entitled to $6204.42 in costs. However, this Court declines to enter partial judgment at this time. This Court will enter judgment upon determining the appropriate amount of attorney's fees.

**SO ORDERED on March 26, 2019.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**