UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

Case No: 4:12-cv-239-MW/CAS

PRISON LEGAL NEWS,                              )
a project of the HUMAN RIGHTS DEFENSE CENTER,   )
a not-for-profit, Washington charitable corporation, )
                                                )
      Plaintiff,                                )
                                                )
v.                                              )
                                                )
MARK S. INCH, in his official capacity as       )
Secretary of the Florida Department of Corrections, )
                                                )
      Defendant.                                )
                                                )

**PLAINTIFF'S MOTION TO COMPEL RULE 54.1(D)
DISCLOSURE OF TIME RECORDS**

Plaintiff, Prison Legal News ("PLN"), by and through undersigned counsel, pursuant to N.D. Fla. Loc. R. 54.1(D), requests that this Court enter an Order compelling Defendant Mark S. Inch to disclose the time records of his attorneys in this matter, and in support thereof states as follows:

1.   In November 2011, PLN filed its initial Complaint in this matter, alleging that Defendants' censorship of its publication *Prison Legal News* violated its First Amendment right to free speech and Fourteenth Amendment right to due process of law.

2. On January 15, 2015, following amendment of PLN's claims and after extensive discovery and pretrial dispositive briefing, this matter went to trial, following which this Court found against PLN's First Amendment claim but in favor of its Fourteenth Amendment claim.

3. After the affirmance of this Court's judgment on appeal before the Eleventh Circuit Court of Appeals, and the denial of PLN's Petition for Certiorari by the U.S. Supreme Court, this matter was remanded for a determination of attorneys' fees and costs.

4. On February 5, 2019, PLN filed its Motion to Determine Entitlement to Attorneys' Fees and Expenses and Memorandum on Taxable Costs. ECF 310.

5. On March 1, 2019, Defendant filed his Response to Plaintiff's Motion for Entitlement to Attorney Fees and Costs, and Objection to Plaintiff's Bill of Costs. ECF 321.

6. On March 5, 2019, the Court granted the motion insofar as PLN's entitlement to attorneys' fees. Additionally, the Court ordered Plaintiff to file a "brief outlining the amount of fees it believes this Court should award" no later than March 15, 2019. ECF 322.

7. On April 12, 2019, pursuant to an extension granted by the Court, PLN filed its Motion to Determine the Amount of Attorneys' Fees and Expenses ("Fee Motion"). ECF 329.

8. On August 8, 2019, Defendant filed his Response to PLN's Fee Motion. ECF 338. In keeping with Defendant's zealous defense of the case over the past eight years of litigation, the 38-page Response is a spirited opposition to much of the fees and expenses claimed by PLN.

9. Among other points, Defendant's Response raises the following objections:

> Defendant objects to the excessive nature of the time spent where it appears that the Plaintiff overlawyered the case three times what should have been spent on the events/filings, and, as such, Defendant objects to 67% of these types of tasks where the Plaintiff's billing totals 995.11 hours in the amount of $394,513.92 for the trial court and 495.03 hours in the amount of $249,758.95 for the appeal.

ECF 338 at 5.

10. Because Defendant is alleging that PLN's attorney spent an excessive amount of time litigating this case, on August 16, 2019, counsel for PLN requested the total amount of time Defendant Inch's counsel has spent on this matter pursuant to Local Rule 54.1(D), so that a comparison could be made.

11. Notwithstanding counsel's assurance that "[b]arring unforeseen issues," he would comply with the request within a week, upon PLN's counsel's follow-up almost three weeks later, Defendant has refused to provide the information required by Rule 54.1(D).

12. On September 6, 2019, counsel for PLN sought Defendant's position regarding this motion. Defendant opposes the motion.

## ARGUMENT

N.D. Fla. Loc. R. 54.1(D) provides as follows:

> **Filing and Disclosing Time Records.** Unless an assigned judge orders otherwise, the time records must not be filed with the Clerk until necessary for the determination of a fee motion. But *a party must promptly disclose to another party*—on a request made at any time—the total number of hours that have been devoted to the case by the *party's* attorneys and other timekeepers through the end of the month preceding the request.

(Emphasis added).

The rule, which is intended to facilitate the quick resolution of attorney fee motions, rightly anticipates that the disclosure of the billing records puts each *party* on notice of the arguments for and against the amounts of fees at issue. In 2015, Local Rule 54.1 was amended to do away with "the requirement to file the attorney's fee records each month during the pendency of a case";[1] nevertheless, the Rule still requires the *parties* to disclose their time records to each other upon request. The choice of the word "party" rather than "prevailing party" or "movant" is deliberate— the rule correctly envisions that a non-movant's objections to the fees claimed by a

---

[1] *See* Office of the Clerk of Court, *Notice of Revision of the Local Rules of the Northern District of Florida* (Nov. 24, 2015), *available at* http://www.flnd.uscourts.gov/news/revision-local-rules-northern-district-florida.

movant are informed by the time spent by the non-movant on the issues at bar. The Rule likewise imposes no requirement for relevance. Defendant has simply refused to comply with the Rule.

Outside of the context of this local rule, the Eleventh Circuit has acknowledged "that in some cases it would be proper to allow the discovery of and use of" the opposing party's time record, especially when the opposing party is contesting the amount of time that was spent. *Henson v. Columbus Bank & Tr. Co.,* 770 F.2d 1566, 1575 (11th Cir. 1985). In *Henson*, the Eleventh Circuit held that it was an abuse of discretion to refuse discovery of an opposing party's fee records where the opposing party contested the reasonableness of the fee petition:

> This litigation has been going on for over ten years now. CB & T has spiritedly contested Henson's claims at every stage, including the reasonableness of his petition for attorneys' fees. While CB & T is entitled to contest vigorously Henson's claims, once they do so they cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended.

*Id. See also Mendez v. Radec Corp.,* 818 F. Supp. 2d 667, 668–69 (W.D.N.Y. 2011) ("Where the opposing party challenges the reasonableness of the rate or hours charged by the moving party's counsel, courts are more likely to find that evidence of the nonmoving party's counsel's fees are relevant and discoverable."); *Serricchio v. Wachovia Sec.*, LLC, 258 F.R.D. 43, 46–47 (D. Conn. 2009) ("Thus, it may be

proper to permit a prevailing party to take discovery of its opponent's billing records where that opponent claims that the hours plaintiff's counsel expended were grossly excessive.").

A defendant's time records are particularly relevant to the court's determination where, as here, that party's fee objections rely on substituting in opposing counsel's judgment about how the case was litigated. Defendant's objections to PLN's fees on the basis of the "excessive nature of the time spent" on aspects of the case, or that the case was "overlawyered" put at issue Defendant's counsel's billing of the case. While these records may not be dispositive of any issue, they are certainly relevant for the Court's consideration of whether PLN's counsel spent too much time litigating this matter.

WHEREFORE, Plaintiff Prison Legal News respectfully requests expedited consideration of this Motion, and that this Court Compel Defendant Mark S. Inch's disclosure of his attorneys' time records pursuant to Local Rule 54.1(D) no later than September 30, 2019 to facilitate PLN's Reply In Support of Plaintiff's Motion to Determine the Amount of Attorneys' Fees and Expenses, due on October 7, 2019. Accordingly, PLN also requests that the Court order Defendant to file any response to this Motion by September 23, 2019.

## CERTIFICATE OF COUNSEL

Pursuant to N.D. Fla. Loc. R. 7.1(B), the undersigned counsel for Prison Legal News has conferred with counsel for Defendant, Marcus Graper, who opposes the relief sought herein.

**Word Count**.  Pursuant to N.D. Fla. Loc. R. 7.1(F), the word count of this Motion is 1392 words.

/s/ Sabarish Neelakanta
Sabarish Neelakanta
Fla. Bar No. 26623
sneelakanta@hrdc-law.org
**Human Rights Defense Center**
P.O. Box 1151
Lake Worth, FL 33460
Tel: 561.360.2523
Fax: 866.735.7136

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today, September 18, 2019, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case on the following service list, including opposing counsel.

By: *s/ Sabarish Neelakanta*
Sabarish Neelakanta